# CASE NO 10-12-13632-CR

Criminal Couet OF Appeals

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 30 2015
Abel Acosta, Clerk

This 11.07 ThaT Was Filed JuL
By Lawyee GaToe Dunn
WAS NOT Done By Lawyee or
And I William JoBE Did NoT
OF This Filing. I AMENded The 11.07
8-11-15 And Mailed IT TO DisTeicT Cleek.
I am Asking The Criminal CoueT of
Appeals NoT To Asept This 11.07
Habeas Corpus, File JuL 21 2015

My Judge IN The 359Th DisTeicT CoueT
GoT A Call From A Shieeff And She
And Judge Hamilton looked AT Theee
ComputeE's And AGREED I William WatteE JoBE
Does NoT Have 1988 D.U.I SAN JACINTO
CouNTy CASE NO. ■■■■■■ Dismissed
CLAss C misdemeANOR FiesT D.U.I. Person undee
21 yeaes of Age
Aclocic BEVEEAge Code 106-041
CAN NoT Be used To Make my D.U.I.
FELONy.
OR The LibeeTy D.U.I. CLAss C misdemeANoe
Void
My Charge IS NOT A FELONy. D.W.I.
This Lawyee WeNT Be Hind The Judge BACk
And Mine, Filed This 11.07 To STOP My Motion
and My Judge From dismissing My CASE With My
OWN Motions

William JoBE (55)

CASE NO. 10-12-13632-CR

William W. Jobe §    In The District Court
        V.           §    359Th Judical District
State of Texas       §    Montgomery County, Texas.


OBJECTION TO THE
STATE'S ANSWER TO APPLICATION FOR
POST-CONVICTION WRIT OF HABEAS CORPUS


To The HONORABLE Judge OF DISTRICT Court:
    Comes Now The DEFENDANT William W. Jobe
The DAY K.S. "Gator" Dunn Filed 11.07
HABEAS CORPUS. A Sheriff Called Judge
Hamilton In The 359Th And They Looked AT The
D.W.I. Charge of Jobe And At The Criminal
History of William Walter Jobe. The Sheriff And
The Judge AGREED Jobe does NOT HAVE The
2 Prior D.U.I. INHANCEMENTS To Make Jobe's
2008 D.W.I. A FELONY Charge. AND There
WAS A WRIT OF "Mandamus" Motion iNTo
Validy OF The Verdict. Filed 7-20-2015. And
Jurisdiction Motion Filed 7-10-2015.
Both of These WERE ON Two Prior's D.U.I.'s
San JAcinto County D.U.I. Case No. 88-253 WAS
Dismissed Discharged William Jobe IN The Criminal
Action: means Dismissed with Pre Judise FEB. 27 1991

1.

SOON AS LAWYER K.S "GATOR" DUNN WAS CALLED INTO JUDGES OFFICE OR HEARD JUDGE WAS GOING TO DISMISS JOBE'S CASE. BECAUSE JOBE IS NOT SUSPOST TO HAVE A FELONY D.W.I. CHARGE CASE NO. 10-12-13632 -CR He Filed 11.07 ON A 46 B.005 ISSUE.

I William Walter JOBE Did NOT Ask Him To File This. He IS TWO YEAR'S LATE FILING This 11.07 JUDGE FINLY AGREED TO DISMISS MY CASE. WENT BEHIND HER BACK Filed SomeThing DifferenT. There is JurisdicTion MoTion Filed Jul. 10, 2015. I William Walter JOBE Filed These. PROUES JOBE does NOT HAVE 2 PRIOR INHANcemenTS IN JOBE'S INDICTMENT IN The MAIN CHARGE. 1988 D.U.I CASE NO. 88-253 IS Void CHARGED For Class B misd. For A Class C misdemeANor. AND WAS GiveN Jail Time. SO FEB. 27. 1991, D.A. AND JUDGE DischARGED William JOBE iN The "CRiMiNAl AcTion" C.C.P. ART. 27.01 AND LiberTY CoUNTY D.U.I. CASE NO. 18182 This is Fully Explained iN The Jul, 10, 2015 JurisdicTion MoTion AND The "MANdAMUS" Filed Jul. 20, 2015.

ON William WalTers JOBE F.B.I. CRiMiNAl HisTory The SAN JAciNTo CoUNTY D.U.I AND LiberTY CouNTY D.U.I. HAUe been dismissed CAN NOT BE USED AS INHANC-meNT To MAke The INdicTed 2008 D.W.I. A FElDNY. CASE NO. 10-12-13632-CR

TRIAL LAWYER WAS The DistricT ATTorNEY Michael GriffiN oN The 1995 D.W.I. CASE iN MoNTGomerTY CoUNTY CASE NO. 95-06-00698-CR CoNFlicT OF INTREST

With PREJudice To Prove Ineffective Assistance of Counsel
PRoved All of This IN The <u>AMENded 11.07</u>
<u>Post-CONVICTION WRIT OF HeaBEAS CoRPUS</u>
Mail From Michael Unit Mail Room August 11, 2015.

## 1. Nature OF The CASE

William Walter JoBE. HAS AllURGIC REACTION ON
MY ST. ID AND MY 2004 DriveRs License
Pulled over 4-30-2008 Told OFFicer I had
AllerGic Reaction ON MY ID. PleAse Run it. He
Refused I WeNT IN To HeaRT CONVulTions. (D.W.I.)
* OFFicer White Lied OR CommiTTed PueJury
To Trial JudGE Hamilton SAid He Called A AmbulAnce
GoT AFFadavit FRom E.M.S. Billing NO AMBulANce
WAS disPatched OR WAS there ANY Bills FoR TReaTMeNT
ON 4-30-08. OF William JoBE.
There WAS 2 CharGING INdicTMeNTs CASE NO.
08-08-07862-CR AND CASE NO. 10-12-13632-CR.
PeNAL Code 3.02 (b).... State Shall File WRitten Notice
OF The Action Notice of the Action Not less thaN 30
dAYs PRioR to trial.
* There WAS No WRitten Notice of Two CharGING INstrumeNT
There WAS NoT 30 dAYs Filed Date CASE NO. 10-12-13632-CR
To DATE OF Trial 1-4-2011.
William JoBE GoT INdicTed With Dismissed D.U.I.
IN maiN CharGE To make 2008 D.W.I. FeloNY.
Because JoBE'S TRial LAwyer WAS The D.A. AGAiNsT
Him iN.

3

1995 D.W.I. CASE NO 95-06-00698-CR used Dismissed D.U.I. To PuT JoBE IN PRISON once before he TRyed ReAl hard To do it AGAIN.

* William JoBE Told Judge Hamilton I woNT To GO To TRiAl BY TRiAl by Judge BECAuse my own Lawyer is AGAINST ME.

1-4-2011 TRiAl BY Judge NOT JuRY Judge Hamilton Did NOT Find The TieR OF FACTs to be true FoR FELoNY D.W.I.

FoNd William JoBE GuilTY Pee The INdicTMENT. PeNAl Code 49.04.

Then iN SeNTeNciNG Phase Did NoT FiNd William JoBE GuilTY Pee The INdicTMENT WheN Judge Did NoT FiNd DEADly WeAPON to BE TRue.

ThERe is NoT A TRue FiNdiNG of Guilt iN This CASE. The TRiAl Judge Did NoT FiNd William JoBE GuilTY AS ChARGEd.

## CONCIUSIONS OF LAW

1. K.S. "GAToR" DuNN is NOT LAWyeR OF RecoRd. The Judge Hamilton Reviewed JoBE'S CRimiNAl RecoRd ANd The Two PRioR D.U.I. WERE NOT FiNAl CoNviction's. They WERe Void ANd Dismissed CIASS C misdemeANoes. ANd AGReed William JoBE is NoT suspost to Be IN PRisoN.

William JoBE AMENdEd 11.07 HEAbeAs CoRPus Judge Hamilton, D.A. mickel GRiffiN ANd CouRT

Reportor All worked Together AGAINST William Jobe ON A 1995 D.W.I. CONFlicT of INTREST Three WAY'S JudGE, D.A., And CoueT RePoeTeR.

2. William JoBE WenT To TRiAl BY JudGE. So The JudGE KNOW'S The LAW on D.W.I. HAS her JudGE'S ComPuTee on D.P.S. CRiMiNAl History And William W. JoBE CERTIFIED DRivING Record. JudGE HamilTon Ruled IN JoBE'S GuilT/INNOCenT TRiAl She will NoT ENter DocumenTS IN TO EvideNce CeeTified DeiviNG Recoed or 1988 D.U.I. SAN JAciNTo CouNTY PRobatioN JudGMENT INTO EvideNce. R.R.Vol 8 Guilt/INNOCenT PAGE 100. This hAS GoT To be inteeed iN To Evidence before Finding of GuilT.

3. William JoBE WAS PuT IN Jail, on Bond 3 week iN over 2 YeAes, CouRT ViolAted CoueT ORDER'S. 46 B.004 (d) . . . . Provided by subsection (e) And ARticle 46 B.005 (d) shall stay All oTher Proceeding iN the case. So The Amended ORDER FoR Examination RegARding INcompeTency Nov. 4, 2010, 46 B.005 (d) shAll stay All oTheR PRoceeding iN the case. DEC. 6, 2010 Judge did Not CARE if they fold Him it is A ReveRsAl Issue by the D. A.

4. New Evidence oN Amended 11.07 Heabeas Corpus TRiAl CourT used AN Alteeed ForGed CeeTified DeiviNG Record. And OFFiceR White committed A.G.G. PerJury He lied About Calling

A Ambullance to cover up illegal arrest.

5. The Altered Certified Driving Record. Someone just took a D.P.S. Driving Record and Retyped it with a Typewriter then added the May 16, 1988 D.U.I. San-Jancinto County Case No. 88-253. When this Altered Certified Driving Record used to indict William Jobe And The D.A. Impeach her self she Testified it is a Certified Driving Record. And Falsifided Records to convict William Jobe of Felony D.W.I. This 1988 D.W.I. San Jacinto County Case No. 88-253 is not on the Certified Driving Record.
William Jobe Final Judgment Ruled on this certified Driving Record Four different way's to Prove up Felony D.W.I. Ruled on a Altered forged document.
By the 9th District of Appeals Beaumont Tx.

6. The Competency Trial. In The state's answer to Application For Post-Conviction Writ of Heabeas Corpus II the Requested Relief should be denied. Can't Be. Jail Calls Is not a Recording From the Jail. Jail CD. was blank. Attorney That was D.A. Against Jobe on 1995 D.W.I. Had Conflict of Intrest Went to his office Got This CD. Can not be used As Evidence Just something Lawyer Got To be used Against his client. He still Think he is still The D.A. Against Jobe. Griffin First Altered Documents To Reindict Jobe Felony D.W.I. 1995

6.

Montgomery County CASE NO. 95-06-00698-CR
Just Like Michael GRIFFIN Altered the CD. He
Brought From His office. IF The Jail And Court
Did Not have A copy. JoBE defence ATTorney
could Not have one. This CD. Produced By
michael GRIFFIN CAN Not Be used AgainsT JoBE in
Any way Attorney For JoBE, michael GRIFFIN Knew
the Certified Driving Record WAS Altered Just like
he Knew the CD. Recording WAS Altered. CAN NOT
Be used to cover up courts From Going Against
A Judges ordees 46 B.005 And 46 B.004 (d)
Shall stay All other Proceeding in The case. And
46 B.011 APPeal No one can change ORDERS of
ART. 46 B.005 of A Judge.

7. The FacT The SAN JAcinTo CounTY D.U.I. CASE NO.
88-253. William W. JoBE WAS dismissed Discharged
from The "CRIMINAL Action" = MEANS C.C.P. ART.27.01
IndicTment or INformAtion FEb. 27, 1991 This D.U.I.
Dismissed with PreJudise And CAN NoT be used To
INHANce the 2008 D.W.I. to A FELONY Charge Penal
Code 49.09
I William Walter JoBE Needs someone that can look
At A Real Certified Driving Record And A Real
Certified D.P.S. CRIMINAL History. And see the
1988 D.U.I. SAN JAcinTo County CASE NO. 88-253 Does
Not even APeaR on Them. This May 16 1988 D.U.I.
CLAss C misdemeANoR Acholic Beverage Code 106.041

7.

Fact is Judge Hamilton Agreed to dismiss William Jobe CASE of D.W.I. CASE NO. 10-12-13632-CR FOR This REASON AND GATOR DUNN ATTORNEY WENT AGAINST Jobe AND Judge Hamilton. Judge Told Lawyer to get Jobe out of Prison. Jobe does Not have A felony Charge of D.W.I.

AFTER A shieriff called Judge Hamilton showed Judge My CRIMINAL History on her Judges Computer

8. K. S. GATOR DUNN is Not RECOGNIZED, CONTRACTED under Agreement NOR is he ACCEPTED AS ATTORNEY of Record. He has Not been ACTNOWLEDGED Through open court As my attorney of RECORD. AT The District Court, OR District Clerk Records. OR ANY OFFICIAL document Related to William Walter Jobe. ON CASE NO. 10-12-13632-CR, DARIN RAY is still listed AS ATTORNEY At The District Clerks OFFice.

9. The 11.07 INSTRUMENTS Filed by K.S. GATOR DUNN. Hold No merit AS he ARgued STATUTORY ViolATIONS Which ARE Not CogNIZAble through Writ HAbeAS Corpus.

10. The Court over stepped its boundARY by Accepting LitigATION from ANYONE Who has claimed to Represent William Jobe IN A Court Proceding He is NOT ATTORNEY OF RECORD.

CASE NO. 10-12-13632-CR

CERTIFICATE OF SERVICE

I William Walter JoBE, hereby certify that
A true And correct copy of CASE No. 10-12-13632-CR

OBJECTION To The
STATES ANSWER to APPLICATION For PosT-
CoNViction Writ of Heabeas Corpus

Has been sent by certified Mail to District
Clerk Barbara Gladden Adamick, 301 N. Main
ST. Conroe, Tx. 77305 And one seNT to
District ATTorNey 207 W. Phillips sT. 2Nd
Floor Conroe Tx. 77301 And one to the
359 Th District Judge Hamilton

District Clerk Barbara Gladden Admick Will
You Send Copy's of This MoTioN

OBJection To THE
STATes ANSWER To APPLication For PosT-CoNViction
WRit OF HABEAS CorPus

To: DisTrict ATTorney        Judge Hamilton IN The
    207 W. Phillips ST.       359 Th DistRict CourT
    2Nd Floor                 Conroe TX. 77301
    ConRoe TX. 77301

                    CRiminAl CourT OF APPeals

William W. Jobe  (55)

THE STATE OF TEXAS                                    359th District Court

      v.

William Walter Jobe



NO. 10-12-13632-CR _____-CR
(Re-Indictment)

# INDICTMENT

| Count | Charge | DA File # | Agency # |
|-------|--------|-----------|----------|
| #1 | DRIVING WHILE INTOXICATED - 3RD OR MORE<br>Sec. 49.04; Fel. 3 ° | 08-001829.1 | 08A007538 |

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Montgomery, State of Texas, duly selected, empaneled, sworn, charged, and organized as such by the 221st Judicial District Court for said County, upon their oaths present in and to said court that William Walter Jobe, hereinafter styled Defendant, on or about April 30, 2008, and before the presentment of this indictment, in the County and State aforesaid, did then and there operate a motor vehicle in a public place while the said defendant was intoxicated.

And it is further presented in and to said Court that, prior to the commission of the foregoing offense, on February 12, 1991, in Cause No. 41572, in the County Court at Law of Liberty County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated; and on September 15, 1988, in Cause No. 88-253, in the County Court at Law of San Jacinto County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated,

And the Grand Jury further presents that during the commission of the primary offense alleged above, the Defendant did then and there use or exhibit a deadly weapon, to-wit: a motor vehicle,

*Dismissed from criminal Action C.C.P. ART 2701*

### Enhancement Paragraph A
And the GRAND JURY further presents that said Defendant, William Walter Jobe, was convicted of a felony, to wit: Possession of a Controlled Substance on January 15, 2003 in the 359th District Court of Montgomery County, Texas in Cause No. 02-07-04636-CR under the name of William Walter Jobe and said conviction became final prior to the commission of the aforesaid offense in Count I of this Indictment.

### Enhancement Paragraph B
And the GRAND JURY further presents that said Defendant, William Walter Jobe, was convicted of a felony, to wit: Possession of a Controlled Substance on November 22, 2002 in the 75th District Court of Liberty County, Texas in Cause No. 24235 under the name of William Walter Jobe and said conviction became final prior to the commission of the aforesaid offense in Count I and Enhancement Paragraph A of this Indictment.

3

*Judge did NOT Find The Deadly Weapon True IN SenTencing Phase.*

RECEIVED AND FILED FOR RECORD
At 2:15 o'Clock
DEC 1 6 2010
BY BARARA GLADDEN ADAMICK
District Clerk MONTGOMERY COUNTY TEXAS

CERTIFIED COPY

CAUSE NO. 88-253

THE STATE OF TEXAS            IN THE COUNTY COURT
VS                           OF
JOBE, William Walter        SAN JACINTO COUNTY, TEXAS

## MOTION FOR ADMINISTRATIVE DISCHARGE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through her Attorney, and respectively requests the Court to Administratively discharge the defendant ____William W. Jobe____, in the above entitled and numbered criminal action in which he is charged with the offense of ___DWI___
FOR THE REASON OF:
[ ] The defendant is incarcerated in the Texas Department of Corrections.
[ ] The defendant has left the State of Texas and is not subject to extradition under Misdemeanor Law.
[X] The Defendant was given credit for time served in jail.
and for cause would show the Court the following:

WHEREFORE, it is prayed that the defendant, _____ ___William W. Jobe____, be administratively discharged in the above entitled and numbered cause.

Respectfully submitted.

_Robert N. Trapp_
DISTRICT ATTORNEY

### ORDER

The foregoing motion having been presented to me on this the 27 day of February A.D. 1991, and the same having been considered, it is therefore, ORDERED, ADJUDGED AND DECREED that the said defendant, ___William W. Jobe_____, be administratively discharged in the above entitled and numbered cause.

_____
PRESIDING JUDGE
SAN JACINTO COUNTY, TEXAS

FILED FOR RECORD
91 MAR -4 PM 4:19

A TRUE COPY, I HEREBY CERTIFY
ANGELIA STEELE, COUNTY CLERK
SAN JACINTO COUNTY, TEXAS
Date 9-19-2014
By _C. Richards_
DEPUTY CLERK

THIS IS A "MOTION TO DISMISS" USED FOR A "MOTION FOR ADMINISTRATIVE DISCHARGE"

## C.C.P. ART. 27.01 INDICTMENT OR INFORMATION

The PRIMARY Pleading IN A "CRIMINAL ACTION" ON The PART OF The State is the "INDICTMENT OR INFORMATION"

CRIMINAL ACTION = MEANS INDICTMENT OR INFORMATION

## C.C.P. ART. 28.04 QUASHING CHARGE IN MISDEMEANOR

IF the Motion to set Aside OR the exception to AN INDICTMENT OR INFORMATION is Sustained, the defendant IN A misdemeanor CASE Shall be DISCHARGED, BUT MAY be AGAIN PROSECUTED Within The Time Allowed by LAW.

Alcoholic BEVERAGE Code 106.041 (b) except AS Provided by Subsection (C) AN offense under this SECTION is A CLASS C MISDEMEANOR. (FINE ONLY) (IN 1988 FiRST D.U.I. Person under 21 YEARS OLD, CLASS C misdemeanor)

JUDGE AND The D.A. Dismissed, DISCHARGED The "CRIMINAL ACTION" = means INDICTMENT OR INFORMATION

Because They CHARGED JOBE with CLASS B misdemeanor AND PUT William JOBE IN Jail. CLASS C Misdemeanor ONLY CARYS A FINE.

## Sentence AND Punishment 34

A Defendant has AN absolute AND NON WAIVABLE RIGHT TO be Sentenced with in the PROPER RANGE OF Punishment established by the legislature. for example, this COURT has held THAT A Sentence is Void when the Punishment is unauthorized SEE EXPRTE BECK 922 S.W.2d 181. 182 (Tex. CRIM. APP 1977)